UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOSES FLORES,

    Plaintiff,

v.

WESPAK and J.V. FARM LABOR SERVICES,

    Defendant.

Case No. 1:17-cv-00326 AWI-BAM

SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT

(ECF No. 3)

**THIRTY (30) DAY DEADLINE**

## I. Introduction

Plaintiff Moses Flores, a Nevada state prisoner proceeding pro se and in forma pauperis, filed his initial Complaint on March 6, 2017. On March 20, 2017, Plaintiff filed the operative First Amended Complaint ("FAC") as a matter of right. (ECF No. 3). Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII") against Defendants Wespak and J.V. Farm Labor Services ("Defendants"). Plaintiff's FAC is currently before the Court for screening. (ECF No. 3.)

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff alleges that on "April 28, 2017," [sic] his employers Wespak and J.V. Farm Labor Services wrongfully terminated him for complaining about the working conditions of Defendants' migrant farm worker employees. Plaintiff claims that he was fired after he told Defendants that he knew of their "ongoing exploitations, wage theft, and embezzlement" practices. In addition to his firing, Plaintiff alleges that Defendants had him wrongfully arrested as a result of complaints. As relief, Plaintiff would like his employment reinstated, back pay and overtimes wages for himself and the other employees, as well as any other damages or relief authorized by law.

### IV. Discussion

#### A. Claims Failing to Satisfy Federal Rule of Civil Procedure 8

As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,

but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 679, and while factual allegations are accepted as true, legal conclusions are not. Id. at 678.

Plaintiff's FAC provides insufficient factual detail in support of his employment discrimination action. Accordingly, the Court will provide Plaintiff with the legal standards for these causes of action. Plaintiff is advised that he must provide specific examples of the alleged misconduct including particular facts identifying the misconduct, when the conduct occurred, and who was involved. Plaintiff is further advised that the causes of action must be clearly organized so that there is one cause of action for each alleged violation of law. Moreover, any amended complaint must clearly identify which defendant is named under each cause of action. In order for the Court to properly screen Plaintiff's complaint, it must be clear which defendants are alleged to have committed each specific violation. Finally, any amended complaint must contain all necessary allegations for each cause of action and defendant's actions must be linked to the specific violation of law alleged. Mere speculation regarding a defendant's behavior or making legal conclusions is not sufficient to state a claim.

**B. Title VII Claims**

    **1. Exhaustion Requirement**

As a threshold matter, Title VII has exhaustion requirements that must be met prior to filing a court action. 42 U.S.C.§ 2000(e) et seq. A person seeking relief under Title VII must first file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice, or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." 42 U.S.C. § 2000e-5(f)(1). Once a person receives this letter, he has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff's FAC does not allege that he exhausted his administrative remedies. If he has not yet filed a timely claim with the EEOC and received a right-to-sue letter, this case is subject to dismissal. Furthermore, since Plaintiff does not accurately specify the timeframe in which he was retaliated against and fired, the Court is unable to determine if he may yet file a timely claim.[1] Therefore, Plaintiff may either file an amended complaint asserting that he has exhausted his administrative remedies, or he may dismiss this action and refile once he has filed a timely claim with the EEOC and received a right-to-sue notice.

### 2. Retaliation

Title VII prohibits adverse employment actions against an employee who has "opposed any practice made an unlawful employment practice by this subchapter [(Title VII)]" or who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3. The analysis of a retaliation case is similar to that of a discrimination case under Title VII, where the plaintiff must establish a prima facie case of retaliation, then the employer must articulate a legitimate, non-retaliatory reason for its action, and the plaintiff must show that the employer's reason is a pretext. See Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1065 (9th Cir. 2003).

To state a claim for retaliation, Plaintiff must establish: (1) that he engaged in a protected activity under Title VII; (2) that the employer subjected the plaintiff to an adverse employment action; and (3) that a causal link exists between the protected activity and the employer's action. Westendorf v. W. Coast Contractors of Nevada, Inc., 712 F.3d 417, 422 (9th Cir. 2013); Villiarimo v. Aloha Is. Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002); Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 506 (9th Cir. 2000); Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir.1994); Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987). Causation "may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected

---

[1] Plaintiff's FAC states that he was terminated on April 28, 2017. However, Plaintiff filed his FAC on March 20, 2017; one month prior to his purported firing. The Court therefore construes Plaintiff's termination date as a typographical error. In his amended complaint, Plaintiff should correct his alleged date of termination.

4

activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d at 1376.

Here, Plaintiff alleges that he complained of adverse working conditions and he was later terminated. Plaintiff has therefore sufficiently alleged that he engaged in protected activity and that he suffered an adverse employment decision. However, Plaintiff has not sufficiently alleged the necessary causation element of the prima facie case for retaliation under Title VII. As indicated above, there is insufficient factual detail that the adverse actions occurred because of his protected complaints. As alleged, Plaintiff has failed to state a claim upon which relief can be granted, and this cause of action will be dismissed with leave to amend.

## II. Conclusion and Order

Plaintiff's FAC fails to state a claim upon which relief may be granted. However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

5

If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 25, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE